UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| MICHE BAG, LLC, a Utah limited liability company, | ) ) ) ) | |
| Plaintiff, | ) | Case No. 11-cv-720 |
| v. | ) ) | |
| BE YOU, LLC, a Michigan limited liability company, | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Court Judge:

Plaintiff Miche Bag, LLC ("Miche Bag"), a Utah limited liability company, filed a four-count amended complaint against Defendant Be You, LLC ("Be You"), a Michigan limited liability company, alleging (1) breach of contract, (2) fraudulent inducement, (3) unfair competition in violation of 15 U.S.C. § 1125, and (4) violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq*. Presently before us is Be You's motion to dismiss for failure to state a claim. For the reasons below, we grant Be You's motion in part and deny it in part.

### BACKGROUND

The parties have an acrimonious history, as this is the third time that Miche Bag has brought suit against Be You. (Resp. at 1.) The companies compete in the manufacture and sale of handbags with magnetic removable outer covers. (Mot. & Mem. at 2.) Miche Bag and Be

You first engaged in litigation in the Eastern District of Michigan (the "Michigan Litigation") when Miche Bag brought suit alleging several patent and copyright infringement claims based on the production and sale of Be You's Shelly Bag line. (*Id.*) On May 18, 2010, the parties entered into a Settlement Agreement and subsequently dismissed the Michigan Litigation. (Compl. ¶¶ 16–17.) The terms of the Settlement Agreement are confidential, but the parties made the following disclosure in a public statement: "Be You is permitted to liquidate its inventory of original handbags and decorative covers until June 21, 2010 . . . [but] Be You will not sell its Shelly Bag handbags or decorative covers in their original design following the June 21, 2010 deadline." (Mem. at 3.) Be You liquidated its inventory by selling the majority of the handbags to established distributors. Among these distributors was Sullivan Productions, LLC ("Sullivan Productions"), a distinct business entity owned by Jan Sullivan. (*Id.* at 4.) Jan Sullivan is the mother of Michael Sullivan, a member of Be You. (Compl. ¶ 23.) Pursuant to the terms of the Settlement Agreement, Miche Bag took possession of the remainder of Be You's inventory at the conclusion of the agreed-upon liquidation period. (Mem. at 5.)

Shortly after the resolution of the initial litigation, Miche Bag again brought suit against Be You, this time in the Northern District of Illinois, to enforce certain terms of the Settlement Agreement (the "Chicago Litigation"). (Compl. ¶ 18.) The parties again settled the dispute, agreeing to a permanent injunction against Be You and a $40,000 payment to Miche Bag in October 2010. (*Id.* ¶ 20.)

Following the resolution of the Chicago Litigation and the close of the liquidation period, Sullivan Productions sold Be You's Shelly Bags to Miche Bag customers at trade shows. (*Id.* ¶¶ 21–22.) In several of the Sullivan Productions sales, the seller concealed Be You products

and only revealed them when a potential customer asked if Be You had similar products. (*Id.*) Although there are no allegations that Be You sold Shelly Bags to Sullivan Productions after the end of the liquidation period, Miche Bag alleges that the sale of Be You's products to Sullivan Productions constitutes "improper circumvention of the spirit and letter of the Settlement Agreement." (*Id.* ¶ 25.)

In addition to trade show sales, Shelly Bags were sold online at the www.shellybagshells.com website. (*Id.* ¶ 26.) This website contains the statement that "Shelley [*sic*] Bags still have an advantage over other magnetic handbags on the market today. Examples of these enhancements include: Magnets on the bottom and top of the bag to provide greater security . . . ." (*Id.* ¶ 27.) Miche Bag alleges that the statement is false because Shelly Bags do not include magnets on the bottom of the bag, and that Be You used the false statements to gain an unfair competitive advantage over Miche Bag. (*Id.* ¶¶ 28–29.) Miche Bag filed its First Amended Complaint ("Complaint") in the Northern District of Illinois, seeking to enjoin Be You from continuing to sell Shelly Bags through Sullivan Productions or misrepresent Shelly Bags in its advertisements. Be You in turn filed the pending motion to dismiss all four claims in the Complaint.

## STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is meant to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In evaluating a motion to dismiss, we must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Thompson v. Ill. Dep't. of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A court

may grant a motion to dismiss under Rule 12(b)(6) only if a complaint lacks "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007); *see Ashcroft v. Iqbal*, --- U.S. ----, ---- - ----, 129 S.Ct. 1937, 1949-50 (2009) (extending *Twombly* from antitrust to litigation generally and stating that a court's determination "whether a complaint states a plausible claim for relief will . . . be a context-specific task"); *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618–19 (7th Cir. 2007); *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776–77 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.

Although a facially plausible complaint need not give "detailed factual allegations," it must allege facts sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964–65. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949. These requirements ensure that the defendant receives "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964; *see also* Fed. R. Civ. P. 8(a).

## ANALYSIS

### A. Breach of Contract Claim

In its first claim for relief, Miche Bag alleges that Be You breached the Settlement Agreement that resolved the Michigan Litigation. Under Illinois law, a plaintiff must plead four elements to bring a claim for breach of contract: "(1) the existence of a valid and enforceable

contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) resultant damages." *Reger Dev., LLC v. National City Bank*, 592 F.3d 759, 764 (7th Cir. 2010) (quoting *W.W. Vincent & Co. v. First Colony Life Ins. Co.*, 351 Ill. App. 3d 752, 759, 814 N.E.2d 960, 967 (1st Dist. 2004)); *see also Cogswell v. Citifinancial Mortg. Co.*, 624 F.3d 395, 398 (7th Cir. 2010).

Miche Bag alleges that the parties "entered into a valid and enforceable contract," and has provided details regarding the terms of the agreement and the date upon which it was signed. (Compl. ¶ 31.) In addition, Miche Bag alleges that it complied with the terms of the Settlement Agreement, that Be You breached the Settlement Agreement, and that Miche Bag suffered damages as a result of the breach. (*Id*. ¶¶ 32–34.) Specifically, Miche Bag alleges that Be You breached the Settlement Agreement by selling the removable purse covers through Jan Sullivan, a circumvention of the "spirit and letter" of the Settlement Agreement. (*Id.* ¶¶ 21–22, 25.) These allegations are sufficient to provide notice to Be You of the "grounds upon which [the claim] rests." *Concentra*, 496 F.3d at 776. It is reasonable to infer from these allegations and the personal relationships between members of Sullivan Productions and Be You that Be You and Sullivan Productions acted in concert to circumvent the terms of the Settlement Agreement.[1]

---

[1] Be You argues that this is not a "reasonable inference," citing opinions from the Seventh Circuit that hold allegations of collusion to a heightened standard. *See Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009) ("Even before the Supreme Court's new pleading rule [in *Twombly* and *Iqbal*], as we noted, conspiracy allegations were often held to a higher standard than other allegations."). However, *Cooney* is distinguishable on the facts because the plaintiff in a custody dispute alleged a broad conspiracy among court personnel, psychiatrists, and attorneys designed to deprive her of custody of her children. *Id.* at 969–70. Allegations of such a sweeping conspiracy involving individuals related only by their professional interest in a particular dispute may indeed be held to a higher pleading standard. That is not the case here, where Miche Bag alleges collusion among two businesses owned by family members and in an ongoing supplier-distributor business relationship. (Compl. ¶¶ 21, 23; Mot. & Mem. at 4.) Thus, the inference that Be You and Sullivan Productions acted in concert to breach the terms of the Settlement

The Complaint has put Be You on notice as to the substance of the alleged breach and has raised the right to relief above a speculative level. Accordingly, we deny Be You's motion to dismiss as to the first claim for breach of contract.

**B.     Fraud in the Inducement Claim**

Miche Bag alleges that Be You made false statements of material fact with the intent to fraudulently induce Miche Bag into entering the Settlement Agreement. A fraud in the inducement claim requires "that the person making the misrepresentation knew or believed the representation was false, and that the plaintiff relied on the misrepresentations." *Gandhi Revocable Trust v. Sitara Capital Mgmt., LLC*, No. 09 C 3141, 2011 WL 814647, at *3 n.4 (N.D. Ill. Feb. 25, 2011); *see also Hassan v. Yusuf*, 408 Ill. App. 3d 327, 343, 944 N.E.2d 895, 910 (1st Dist. 2011); *Janowiak v. Tiesi*, 402 Ill. App. 3d 997, 1006, 932 N.E.2d 569, 579 (1st Dist. 2010). The general rule in Illinois is that "fraud in the inducement must be based upon representation of a past or existing fact and that it cannot rest on a promise to do an act in the future." *Classic Bowl, Inc. v. AMF Pinspotters, Inc.*, 403 F.2d 463, 466 (7th Cir. 1968); *see also, e.g., Steinberg v. Chi. Med. Sch.*, 69 Ill. 2d 320, 334, 371 N.E.2d 634, 641 (1977); *Ill. Non-Profit Risk Mgmt. Ass'n v. Human Serv. Ctr.*, 378 Ill. App. 3d 713, 723, 884 N.E.2d 700, 710 (4th Dist. 2008). There is, however, an exception to the general rule "where the false promise or representation of future conduct is alleged to be the scheme employed to accomplish the fraud." *Steinberg*, 69 Ill. 2d at 334, 371 N.E.2d at 641. The Seventh Circuit has interpreted this exception as applying to situations "where a party makes a promise of performance, not intending to keep the promise, but intending for another party to rely on it, and where the other party relies on it to his

---

Agreement is reasonable under the circumstances.

detriment." *Bower v. Jones*, 978 F.2d 1004, 1011 (7th Cir. 1992); *see also Concord Indus., Inc. v. Harvel Indus. Corp.*, 122 Ill. App. 3d 845, 849–50, 462 N.E.2d 1252, 1255 (1st Dist. 1984). Additionally, because this claim involves fraud, it is subject to a heightened pleading standard under Rule 9(b). Fed. R. Civ. P. 9(b). The Seventh Circuit has interpreted this heightened standard to mean that "the 'circumstances' [of the alleged fraud] must be pleaded in detail . . . [including] the who, what, when, where, and how." *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990).

Turning to the allegations in Miche Bag's Complaint, we first examine whether Miche Bag alleges that Be You made false promises with sufficient particularity to meet the standards of Rule 9(b). Miche Bag alleges that during the negotiation and signing of the Settlement Agreement on May 18, 2010, Be You stated "that it would not produce and/or sell its original removable purse products after a certain date specified in the Settlement Agreement nor would it circumvent the terms of the Settlement Agreement." (Compl. ¶¶ 16, 36–37.) Although Miche Bag does not provide the name of Be You's representative who made the statements that Be You would not continue to sell its Shelly Bag products, the allegations successfully put Be You on notice that whoever represented Be You at the Settlement Agreement negotiations in Michigan made the false promises. Thus, Miche Bag has alleged the circumstances of the fraud with sufficient particularity to satisfy the standard of Rule 9(b).

Next, we decide whether Miche Bag sufficiently alleged that Be You knowingly made the false statements and intended Miche Bag to rely on them. Miche Bag explicitly states: "Be You knew at the time it made these statements that they were false [and] Be You made the false statements with the intent to induce Miche Bag to enter into the Settlement Agreement knowing

it intended to circumvent the terms of the Settlement Agreement." (Compl. ¶¶ 40–41.) This statement is sufficient under Rule 9(b), which allows that "conditions of a person's mind," such as knowledge and intent, "may be alleged generally." Fed. R. Civ. P. 9(b). Miche Bag also has added factual detail as to how Be You "intended to circumvent the terms of the Settlement Agreement by transferring its original removable purse products to Sullivan Productions, LLC." (Compl. ¶ 41.) This additional detail provides a sufficient foundation for the inference that Be You knowingly made false statements with the intention of inducing Miche Bag to enter the Settlement Agreement, and there is "a basis for believing that plaintiffs could prove scienter." *DiLeo*, 901 F.2d at 629. Therefore, we deny Be You's motion to dismiss Miche Bag's second claim of fraudulent inducement.

C.  **Unfair Competition Claim Pursuant to § 1125**

In its third claim for relief, Miche Bag alleges that Be You engaged in unfair competition in violation of 15 U.S.C. § 1125 by providing false descriptions of its products on a website owned or authorized by Be You. In support of its motion to dismiss this claim, Be You principally argues that the descriptions of the products advertised on the website www.shellybagshells.com are not false and the website is not owned or controlled by Be You. (Mem. at 10, 12–13.) However, Miche Bag correctly notes that "each of Be You's arguments . . . are [*sic*] premised on factual disputes, not the sufficiency of Miche Bag's Complaint." (Resp. at 12.) It is well-established that "when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007) (citing *Twombly*, 550 U.S. at 555–556, 127 S.Ct. at 1965); *see also, e.g., Sanner v. Bd. of Trade of Chi.*, 62 F.3d 918, 925 (7th Cir. 1995). As a

corollary to this principle, the Seventh Circuit has stated that "the defendant cannot, in presenting its 12(b)(6) challenge, attempt to refute the complaint or to present a different set of allegations. The attack is on the sufficiency of the complaint, and the defendant cannot set or alter the terms of the dispute." *Gomez v. Ill. State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987); *see also Sanner*, 62 F.3d at 925. Thus, Be You's factual contentions are inappropriate and we will accept all factual allegations in the Complaint as true.

We next assess whether Miche Bag's allegations are sufficient to state a claim for relief. Section 1125(a) provides that "[a]ny person who . . . uses in commerce any . . . false or misleading description [or representation] of fact . . . [which] in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or another person's goods, services, or commercial activities, shall be liable in a civil action[.]" 15 U.S.C. § 1125(a). The Seventh Circuit has stated that to bring a claim under Section 1125(a) the plaintiffs must allege the following:

> (1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) the defendant caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a loss of goodwill associated with its products.

*Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 819 (7th Cir. 1999); *see also, e.g., Dynamic Fluid Control (PTY), Ltd. v. Int'l Valve Mfg., LLC*, No. 10-C-7555, 2011 WL 1838872, at *5 (N.D. Ill. May 11, 2011). Additionally, pleading an unfair competition claim under § 1125(a)(1)(B) requires allegations of commercial competition. *McMahon v. Chicago,* No. 98-

C-8026, 2000 WL 35734767, at *3 (N.D. Ill. Oct. 13, 2000); *see also Nat'l Artists Mgmt. Co. v. Weaving*, 769 F.Supp. 1224, 1230 (S.D.N.Y. 1991).

In its Complaint, Miche Bag alleges that Be You made misleading factual statements regarding the advantages that Be You's Shelly Bags have over other magnetic handbags. Specifically, Miche Bag points to the statement that Shelly Bags include "[m]agnets on the bottom and top of the bag to provide greater security." (Compl. ¶ 50.) Be You sells its products through interstate commerce on a website owned or authorized by the company.[2] (*Id.* ¶ 49). Additionally, Miche Bag alleges that the statements are likely to deceive the public and influence them to purchase goods from Be You over Miche Bag, as the companies are in competition. (*Id.* ¶¶ 52–53.) Finally, Miche Bag alleges that it has been or is likely to be injured by the misleading advertisements, as they influence customers to purchase from a competitor rather than Miche Bag. (*Id.* ¶¶ 53–54.) These allegations are sufficient to state a claim under 15 U.S.C. § 1125. Miche Bag satisfies the additional element of commercial advertisement required for a false advertising claim under § 1125(a)(1)(B) by alleging that Be You promotes "commercial sales and advertisement on a website . . . [containing] false and misleading statements of fact" (*Id.* ¶¶ 49–50). Accordingly, we deny Be You's motion to dismiss the unfair competition claim.

---

[2] Although Be You disputes its ownership or control over the website in question, Miche Bag does not need to provide proof of its allegations at this point. In a motion to dismiss, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686 (1974).

**D.     Claim for Violation of Illinois Deceptive Trade Practices Act**

Finally, Miche Bag alleges that Be You violated the Illinois Deceptive Trade Practices Act (the "IDTPA") by "making and/or authorizing the making of false and misleading statements of fact in the sale and advertisement of one or more of its Shelly Bags" through the website www.shellybagshells.com. (Compl. ¶ 57.) The IDTPA states that "[a] person engages in a deceptive trade practice when, in the course of his or her business, vocation, or occupation, the person . . . represents that goods or services have . . . characteristics, ingredients, uses, benefits, or quantities that they do not have." 815 ILCS 510/2(a)(5). The statute provides for injunctive relief to any party who is "likely to be damaged by a deceptive trade practice." *Id.* § 3. To raise a claim under the IDTPA, "the circumstances that relate to the disputed transaction [must] occur primarily and substantially in Illinois."[3] *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill. 2d 100, 187, 835 N.E.2d 801, 854 (2005); *see also In re Sears Roebuck & Co. Tools Mktg. & Sales Practices Litig.*, No. 05 C 4742, 2005 WL 3077606, at *1 (N.D. Ill. Nov. 14, 2005). Several factors are relevant to determining whether a transaction occurred "primarily and substantially" in Illinois: "(1) the plaintiff's residence, (2) where the misrepresentation was made, (3) where the damage to the plaintiff occurred, and (4) whether the plaintiff communicated with the defendant

---

[3] The *Avery* court conducted its analysis under the Consumer Fraud Act (the "CFA"). 815 ILCS 505/1 *et seq*. Similarly, *Sears* refers to the CFA but states that "[t]he same analysis applies under [a] DTPA claim." 2005 WL 3077606, at *2. The IDTPA does not contain the same explicit reference as the CFA to activities affecting the people of Illinois. 505/1(f) ("The terms 'trade' and 'commerce' . . . shall include any trade or commerce directly or indirectly affecting the people of this State."). However there is a "long-standing rule of construction in Illinois which holds that a 'statute is without extraterritorial effect unless a clear intent in this respect appears from the express provisions of the statute.'" *Avery*, 216 Ill. 2d at 184, 835 N.E.2d at 854 (quoting *Dur-Ite Co. v. Industrial Comm'n*, 394 Ill. 338, 350, 68 N.E.2d 717, 722 (1946)). Therefore, the cases discussing the Illinois nexus requirement under the CFA have application to a nexus requirement under the IDTPA.

in Illinois." *Specht v. Google, Inc.*, 660 F. Supp. 2d 858, 866 (N.D. Ill. 2009); *see also Sears*, 2005 WL 3077606, at *1.

Miche Bag's factual allegations are sufficient to state a claim under the IDTPA. Miche Bag states that in connection with the online sale of Shelly Bags, Be You claimed that the bags had specific enhancements, including magnets placed to increase security, when in fact the design of the bags did not include the described enhancements. (Compl. ¶¶ 57–58.) These allegations include all of the requisite elements to state an IDTPA claim: they allege a false, material representation as to the characteristics of Be You's Shelly Bags, which were made in the course of Be You's business of selling its handbags online.

But despite providing enough factual detail to state a claim under the IDTPA, Miche Bag fails to plead a nexus of events connecting the deceptive trade practices to Illinois. (Mem. at 14.) Miche Bag is a Utah company whose members are citizens of Utah and Colorado, and Be You is a Michigan company whose members are citizens of Michigan. Nowhere in the Complaint did Miche Bag allege that any damages were incurred in Illinois in connection with the deceptive practices. Although the misrepresentations in question were made on a website accessible to residents of Illinois, Miche Bag does not allege that any residents of Illinois actually viewed the website or that it was damaged in the state. Therefore, none of the factors relevant to determining whether deceptive transactions occurred "primarily and substantially" in Illinois are present. As such, we grant Be You's motion to dismiss as to the fourth claim alleging violations of the IDTPA.

## CONCLUSION

For the foregoing reasons, Defendant Be You's motion to dismiss is granted in part and denied in part without prejudice. We grant the motion with respect to the IDTPA claim, and deny it for the claims of breach of contract, fraud in the inducement, and unfair competition. It is so ordered.

_____
Honorable Marvin E. Aspen
U.S. District Court Judge

Date: September 26, 2011